UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VITO RODRIGUEZ, | |
| Plaintiff, | 00 Civ. 8589 (RCC) (THK) |
| - against - | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION |
| RICHARD A. WARD, Corr. Sergeant; D. BISSONETTE, Corr. Officer; T. NIETZEL, Corr. Officer; and C. MITCHELL, Corr. Officer, | |
| Defendants. | |

**RICHARD CONWAY CASEY, United States District Judge:**

Vito Rodriguez ("Plaintiff") brought this action under 42 U.S.C. § 1983, alleging that Sergeant Richard A. Ward and Officers D. Bissonette, T. Nietzel, and C. Mitchell ("Defendants") subjected him to excessive force while he was an inmate at Green Haven Correctional Facility in violation of his constitutional rights.[1] On October 3, 2003, the Court dismissed Plaintiff's excessive-force claim without prejudice on the ground that Plaintiff had failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. § 1997 e(a). The Second Circuit remanded to allow this Court to reconsider that determination in light of Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004). Defendants move for summary judgment pursuant Rule 56(c) of the Federal Rules of Civil Procedure on the ground that Plaintiff's failure to exhaust administrative remedies in accordance with formal grievance procedures was inexcusable, arguing that Hemphill does not alter the Court's previous determination. Plaintiff has been given ample opportunity to respond to Defendants' motion but has failed to do so.

---

[1] Plaintiff also claimed that Defendants failed to provide him with adequate medical care while he was incarcerated at Green Haven; the Court dismissed Plaintiff's medical-care claim with prejudice on October 3, 2003.

In a Report and Recommendation dated April 15, 2005 ("Report"), Magistrate Judge Theodore H. Katz recommended that Defendant's motion for summary judgment be granted and that Plaintiff's excessive-force claim against Defendants be dismissed with prejudice. In conformity with United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997), Federal Rule of Civil Procedure 72(b), and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), Judge Katz explicitly cautioned that any objections to the Report were to be received within 10 days, and that failure to file timely objections to the Report would constitute a waiver of any objections. As of the date of this Order, the Court has not received any objections to the Report. A court may adopt those portions of a magistrate judge's report and recommendation that are not the product of clear error and to which the parties do not object. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); see also 28 U.S.C. § 636(b)(1).

Having carefully reviewed the file in this matter, the Court is satisfied that there is no clear error on the face of the Report. The Court agrees that (1) administrative remedies were available to Plaintiff; (2) Defendants are not estopped from raising a non-exhaustion defense; and (3) no special circumstances justify Plaintiff's failure to exhaust. See Hemphill, 380 F.3d at 686-91. Accordingly, the Court accepts and adopts the Report in its entirety. Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's excessive-force claim against Defendants is dismissed with prejudice. The Clerk of the Court is directed to close the case and to remove it for the Court's active docket.

**So Ordered:** New York, New York
June 28, 2005

_____
**Richard Conway Casey, U.S.D.J.**